IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEC 16 2010

JONATHAN BOLLS,

    Plaintiff,

v.                              Civil Action No. 3:10cv550

W. SCOTT STREET, III,
Secretary of the Virginia
Board of Bar Examiners,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on PLAINTIFF'S MOTION TO ALTER JUDGMENT (Docket No. 19). For the reasons set forth below, the motion will be denied.

### FACTS

The plaintiff filed this action in an effort to challenge the action of the Virginia Board of Bar Examiners in denying his request to obtain the bar examination answers given by the plaintiff. In particular, he sought an Order compelling the Virginia Board of Bar Examiners to provide him with the answers he gave to the bar examination in July of 2008, relief which he had been denied previously by the Virginia Board of Bar Examiners and by an Order of the Supreme Court of Virginia. On November 5, 2010, the Court entered an Order (Docket No. 18) granting the Defendants' MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(6) concluding that the Court lacked subject matter jurisdiction over the claims

asserted in the Complaint. On November 15, 2010, the plaintiff filed a motion to alter judgment pursuant to Fed. R. Civ. P. 59(e).

## DISCUSSION

The relief sought by the Plaintiff is an extraordinary remedy which is to be sparingly used. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Further, motions under Rule 59 are not to be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment," or "if it would serve no useful purpose." Sun Yung Lee v. ZOM Clarendon, L.P., 665 F. Supp. 2d 603, 616 (E.D. Va. 2009) (citing 11 Charles Allen Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). Accordingly, it is now settled that a motion under Rule 59(e) will be granted only to "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (citations omitted).

Plaintiff has not actually identified the predicate upon which his motion rests. However, he asserts that new information has been disclosed about "glitches" in computer software. However, there is no showing that the assertedly new evidence was not available before the Court made its decision. The other rationale

upon which the Plaintiff apparently seeks to proceed is that a motion to reconsider "would be appropriate where, for example, the Court has patently misunderstood a party. . ." Clark v. Virginia Board of Bar Examiners, 861 F. Supp. 512, 518 (E.D. Va. 1994). Here, there was no misunderstanding whatsoever of the nature of Plaintiff's claim or the relief that he sought. The nature of the claim and the relief sought was set forth explicitly in the Complaint and in the Order dismissing the case. It was clear that the Complaint presented Plaintiff's challenge to the procedures and practices of the Virginia Board of Bar Examiners used in reference to his own bar examination results. Accordingly, his case is governed by the rule in Woodward v. Virginia Bd. of Bar Examiners, 598 F.2d 1345, 1346 (4th Cir. 1979); Woodward v. Virginia Bd. of Examiners, 454 F. Supp. 4 (E.D. Va. 1978); and Richardson v. McFadden, 563 F.2d 1130 (4th Cir. 1977) (en banc) (Hall, J. concurring). For those reasons, the Court held that it lacked subject matter jurisdiction in this action. There has been no intervening change in controlling law. There has been no new evidence shown. And, the motion is not necessary to correct a clear error of law that manifested injustice, given that the controlling authority in this circuit supports decisions reflected in the Order as to which reconsideration is sought.

## CONCLUSION

For the foregoing reasons, the PLAINTIFF'S MOTION TO ALTER JUDGMENT (Docket No. 19) will be denied.

The Clerk is directed to send a copy of this Order to the plaintiff.

It is so ORDERED.

                                    /s/      REP
                            Robert E. Payne
                            Senior United States District Judge

Richmond, Virginia
Date: December 15, 2010